**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Lynk Labs, Inc., | Case No.  6:21-cv-00526 |
|       Plaintiff, | **JURY TRIAL DEMANDED** |
|  v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. | |
|       Defendants. | |

Plaintiff, Lynk Labs, Inc. ("Lynk"), files this complaint for patent infringement against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") and in support thereof alleges and avers as follows:

## NATURE OF THE ACTION

1.     This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., specifically including 35 U.S.C. § 271, based on Samsung's infringement of U.S. Patent No. 11,019,697 (the "'697 Patent").  The '697 Patent is attached hereto as Exhibit A.

## THE PARTIES

2.     Lynk is a corporation incorporated in the State of Illinois with its principal place of business at 2511 Technology Drive, Suite 108, Elgin, Illinois 60124.  Before then, Lynk's principal place of business was 585 Tollgate Road, Suite E, Elgin, Illinois 60017.

3.     Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Korea") is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea.

4.     Upon information and belief, Defendant Samsung Electronics America, Inc. ("Samsung America") is a wholly-owned subsidiary of Samsung Electronics Co., Ltd. and a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

5.     Defendants Samsung Korea and Samsung America are each individually liable and are jointly and severally liable for infringement of the '697 Patent.  Under theories of alter ego, single business enterprise liability, and agency, the conduct of each can be attributed to and considered the conduct of others for purposes of infringement of the '697 Patent.  SEC and SEA have in the past and continue to hold themselves out in the United States as a single entity—

"Samsung"—acting in concert, with knowledge of each other's actions and control over each other.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

7.     This Court has personal jurisdiction over Samsung in this action because its contacts with the Western District of Texas are significant and pervasive.  Samsung has committed acts within the Western District of Texas giving rise to this action and Samsung has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice.

8.     Upon information and belief, Samsung has committed and continues to commit acts of infringement in this District by, among other things, (i) availing itself of the rights and benefits of the laws of the State of Texas, (ii) transacting, conducting, and/or soliciting business and engaged in a persistent course of conduct in the State of Texas (and in this District), (iii) deriving substantial revenue from the sales and/or use of products, such as the products accused in this lawsuit (the "Accused Products"), in the State of Texas (and in this District), (iv) purposefully directing activities (directly and/or through intermediaries), such as shipping, distributing, offering for sale, selling, and/or advertising the Accused Products, at residents of the State of Texas (and residents in this District), (v) delivering Accused Products into the stream of commerce with the expectation that the Accused Products will be used and/or purchased by consumers in the State of Texas (and in this District), and (vi) committing acts of patent infringement in the State of Texas (and in this District).

9.      Specifically, Samsung has regular and established places of businesses in this District, including at 12100 Samsung Boulevard, Austin, Texas 78754; 7300 Ranch Road 2222, Austin, Texas 78730; and 1700 Scenic Loop, Round Rock, Texas 78681.  Upon information and belief, Samsung employs approximately 10,000 employees and contractors in this District serving in a variety of capacities, including the manufacturing and research and development of components used in the Accused Products.

10.      Upon information and belief, Samsung's presence in the District continues to grow, as Samsung recently purchased approximately 258 acres of additional land on which it plans to expand its existing facilities in the District with a new $17 billion factory that is expected to bring 1,800 new permanent jobs to the District in the first 10 years.  Samsung is seeking approximately $1 billion in state and local tax incentives in connection with its planned expansion.  *See* **Exhibit B**, Austin American-Statesman, *Samsung wants $1 billion tax incentive for new Austin plant that would create 1,800 jobs* (Feb 4, 2021), *available at* https://www.statesman.com/story/business/2021/02/04/samsung-austin-expansion-chip-plant-seeks-1-billion-taxpayer-incentives/4309503001/.

11.      Likewise, Samsung makes, sells, and offers for sale LED lighting and consumer electronic products including, but not limited to, smartphones and tablet computers, throughout the United States, including in this District.

12.      Further, Samsung America is registered to do business in the State of Texas, and has appointed CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, as its registered agent.

13.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

14.     For instance, venue is proper as to a foreign defendant in any district.  28 U.S.C. §
1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).  Defendant Samsung Korea is a
foreign corporation organized under the laws of Korea, with a principal place of business in Korea.

15.     Further, Samsung has committed acts of direct infringement in this District.

16.     For example, the accused Samsung Galaxy S21 Ultra is available for sale to
customers in this District on the Samsung website:



17.     Upon information and belief, the other products accused of infringement in this
Complaint are similarly sold in this District through, *inter alia*, the physical and online stores of
authorized Samsung retailers such as Best Buy, Target, AT&T, T-Mobile, and Verizon.

## FACTUAL BACKGROUND

18.     Lynk was founded in 1997 by Mike Miskin, who is and was President and CEO of
Lynk.   Since  its  inception,  Lynk  has  been  a  technology  pioneer,  challenging  industry

understanding of conventional physics, beginning with technology in fields such as broadband communications, wireless communications, and wireless power.

19.     In the early 2000s, after being negatively impacted by the telecom bubble, Lynk needed to explore other market opportunities to reshape the company.  While trying to continue to innovate in telecommunications, high speed backplanes, wireless power, etc., Lynk realized it could also apply and advance some of its technology in the general lighting field.  At that time, the development of light emitting diode ("LEDs") for general lighting uses was still in its very early stages.  Over the course of the next several years, Lynk developed and patented pioneering innovations that are now common place in the LED lighting and consumer electronics industry including but not limited to:  LED lighting systems driven by constant voltage power supplies, smart LED lighting systems, warm dim or warm glow LED lighting devices, LED lighting devices and/or systems allowing users to select the brightness and/or color temperature of light, direct AC mains connected LED assemblies known as driver-on-board, wireless power, and many more.

20.     Lynk's groundbreaking research, which continues to this day, has consistently cut directly against conventional wisdom in the industry, resulting in inventions that are now common in the industry.  Many of Lynk's patented technologies were revolutionary in the early 2000's when Lynk developed them, but they are now common in consumer electronics such as Samsung's Galaxy products including its smartphones and tablet computers.

21.     Lynk was, and still is, a small American business that supplies LED lighting assemblies, modules, lamps, drivers, and system solutions.

22.     Lynk has witnessed with dismay the increasing unlicensed presence of Lynk's patented technology on the shelves and websites of retail stores, including in the products of massive international companies such as Samsung.

**THE PATENT-IN-SUIT**

23.     On May 25, 2021, the '697 Patent, entitled "AC LIGHT EMITTING DIODE AND AC LED DRIVE METHODS AND APPARATUS," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '697 Patent is attached hereto as **Exhibit A**.

24.     The '697 Patent is emblematic of Lynk's significant investment into groundbreaking technology.  Lynk has been on the forefront of LED technology development for nearly twenty years and has over 35 issued patents to show for its efforts.

**FIRST CAUSE OF ACTION**

**(Infringement of the '697 Patent)**

25.     Lynk incorporates by reference and realleges each and every allegation of Paragraphs 1 through 24 as if set forth herein.

26.     Samsung imports, offers for sale, and sells certain smartphone products, which directly infringe at least Claims 1, 7, and 14 of the '697 Patent.  The infringing products include any and all Samsung smartphone products featuring the LED technology set forth in certain claims of the '697 Patent.

27.     For instance, as described by the exemplary photographs below, the Samsung Galaxy S21 Ultra ("S21 Ultra") is, as recited in claim 1 of the '697 Patent, an "apparatus" comprising:

        at least one LED;

        a semiconductor device configured to emit a laser;

        a data receiver including an antenna, wherein the data receiver is configured to transmit and receive data;

        a circuit configured to detect human touch via capacitive sensing; and

a battery ground capacitively coupled to at least one of the data receiver, the circuit, the at least one LED, or the semiconductor device via a conductor,

wherein the apparatus is portable, and

wherein the at least one LED, the semiconductor device, the data receiver, the circuit, and the battery ground are contained within a package and connected to at least one circuit board within the package.



Antennas (and Data Receiver)

Laser Module



28. More specifically, the S21 Ultra contains:

a. at least one LED, including the LED flash and the LED backlights within the device's AMOLED capacitive touchscreen;

b. a laser autofocus module, a semiconductor device configured to emit a laser;

c. multiple data receivers and antennas supporting mobile data, Wi-Fi, Bluetooth, and other data transmission protocols;

d. a capacitive touchscreen, *i.e.*, a circuit configured to detect human touch via capacitive sensing; and

e. upon information and belief, a battery ground capacitively coupled to at least one of the data receiver, the circuit, the at least one LED, or the semiconductor device via a conductor.

29. Further, the S21 Ultra is a mobile phone, which is designed to be carried by a user and therefore portable.

30.     Finally, the S21 Ultra's various components are all contained within its external housing (*i.e.*, a package) and connected the device's various circuit boards such that the device can function.

31.     Lynk has been damaged as a result of the infringing conduct by Samsung alleged above.  Thus, Samsung is at least liable to Lynk in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32.     Samsung's infringement of the '697 Patent has caused, and will continue to cause, Lynk to suffer substantial and irreparable harm.

33.     Samsung will have been aware that it infringes the '697 Patent since at least the issuance of the '697 Patent and the filing of this Complaint on May 25, 2021.  Therefore, any infringement of the '697 Patent by Samsung occurring after May 25, 2021 is willful.

34.     Lynk has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '697 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Lynk requests that:

A.     The Court find that Samsung has directly infringed the '697 Patent and hold Samsung liable for such infringement;

B.     The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Lynk for Samsung's past infringement of the '697 Patent, including both pre- and post-judgment interest and costs as fixed by the Court;

C.     The Court increase the damages to be awarded to Lynk by three times the amount found by the jury or assessed by the Court for infringement occurring after May 25, 2021;

D.     The Court declare that this is an exceptional case entitling Lynk to its reasonable attorneys' fees under 35 U.S.C. § 285;

E.     The Court grant injunctive relief permanently enjoining Samsung from further infringement of the '697 Patent; and

F.     The Court award such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Lynk Labs, Inc. hereby demands a trial by jury on every issue on which it is so entitled.

Dated: May 25, 2021                Respectfully submitted,

By:     */s/ Darlene F. Ghavimi*
        Darlene F. Ghavimi
        TX Bar No. 24072114
        K&L GATES LLP
        2801 Via Fortuna, Suite 350
        Austin, Texas 78746
        Telephone: (512) 482-6800
        darlene.ghavimi@klgates.com

        Jim A. Shimota (*pro hac vice* forthcoming)
        Nelson M. Hua (*pro hac vice* forthcoming)
        K&L GATES LLP
        70 West Madison Street, Suite 3300
        Chicago, Illinois 60602
        Telephone: (312) 372-1121
        Fax: (312) 827-8000
        jim.shimota@klgates.com
        nelson.hua@klgates.com

        *Attorneys for Plaintiff Lynk Labs, Inc.*